UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEE BONGA,

       Petitioner,

                            CASE NO. 03-CV-74593-DT
v.                              HONORABLE JOHN CORBETT O'MEARA

PAUL RENICO,

       Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT, DENYING MOTION TO STAY, AND DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS**

      Before the Court is Petitioner's Motion for Relief from Judgment, brought pursuant to Federal Rule of Civil Procedure 60(b), concerning this Court's dismissal of his habeas corpus petition. Petitioner asserts that the Court erred in dismissing his habeas petition and failing to conduct an evidentiary hearing on his claims. Petitioner has also filed a motion to stay and an application to proceed without prepayment of fees and costs.

      Although Petitioner brings his motion pursuant to Rule 60(b), his motion actually seeks reconsideration of the Court's ruling dismissing his petition. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local

Rule 7.1(g)(3).

Further, even if the Court considers Petitioner's motion as one brought pursuant to Federal Rule of Civil Procedure 60(b), he is not entitled to relief.  Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

Having considered the matter, the Court concludes that it did not err in dismissing his habeas petition.  Nor did the Court err in declining to conduct an evidentiary hearing on Petitioner's habeas claims.  This Court has discretion to conduct an evidentiary hearing after the filing of the answer and state court materials.  *See* 28 U.S.C. foll. § 2254, Rule 8.  The Court issued its decision after reviewing the parties' pleadings and the relevant state court record.  An evidentiary hearing was not necessary for the Court to properly resolve Petitioner's habeas claims.  Petitioner is not entitled to relief from judgment in this case.

The Court also concludes that a stay of Petitioner's motion is not required pending the United States Supreme Court's resolution of his petition for writ of certiorari.  *See, e.g., United States v. Sears*, 411 F.3d 1240, 1242 (11th Cir. 2005).  Lastly, the Court notes that Petitioner's

request to proceed without prepayment of fees and costs is unnecessary as there is no filing fee for his motion in this Court.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for relief from judgment, his motion to stay, and his application to proceed without prepayment of fees and costs are **DENIED**.

                                        s/John Corbett O'Meara
                                        John Corbett O'Meara
                                        United States District Judge

Dated: September 7, 2005