UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEE BONGA,

      Petitioner,

                                                                         CASE NO. 03-CV-74593-DT
v.                                                              HONORABLE JOHN CORBETT O'MEARA

PAUL RENICO,

      Respondent.
_____/

**ORDER DENYING A CERTIFICATE OF APPEALABILITY
AND DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

      Before the Court are Petitioner's requests for a certificate of appealability and for leave to proceed on appeal *in forma pauperis* concerning the Court's September 7, 2005 denial of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b), which concerned the Court's denial of his habeas corpus petition.

      Before Petitioner may appeal the Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. *See* 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.2d 1306, 1307 (6th Cir. 1997).

      A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the

petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. at 484-85.

Petitioner's motion for relief from judgment, although brought under Federal Rule of Civil Procedure 60(b), actually sought reconsideration of the denial of his habeas petition. The Court has previously denied Petitioner's request for a certificate of appealability. The United States Court of Appeal for the Sixth Circuit has also denied a certificate of appealability and the United States Supreme Court has refused to issue a writ of certiorari. Petitioner's current request lacks merit. Petitioner is not entitled to relief under Rule 60(b), as he has not shown that this Court erred in denying his habeas claims. Contrary to his assertion, the Court did consider his motion for relief from judgment under the standards set forth in Rule 60(b). Petitioner has not made a substantial showing of the denial of a constitutional right as to the denial of his motion for relief from judgment or his underlying habeas petition.

Accordingly, the Court **DENIES** Petitioner's motion for a certificate of appealability. Given this determination, the Court also **DENIES** Petitioner's motion for leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: November 29, 2005